IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEWAYNE ANDERSON,

        **Petitioner,**

v.

        CIVIL ACTION NO. 1:11-CV-186
        CRIMINAL ACTION NO. 1:06-CR-20

UNITED STATES OF AMERICA,

        **Respondent.**

## REPORT AND RECOMMENDATION THAT THE DISTRICT COURT DENY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On November 23, 2011, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 875). The Court issued a notice of deficient pleading on November 28, 2011. (Doc. No. 877). On December 27, 2011, Petitioner filed a motion to amend. (Doc. No. 881). The motion to amend was granted on March 1, 2012. (Doc. No. 891). Petitioner filed his amended § 2255 motion on March 29, 2012. (Doc. No. 894).

On April 3, 2012, the Court ordered the United States to respond. (Doc. No. 901). The United States filed its response on June 19, 2012. (Doc. No. 920). On July 13, 2012, Petitioner filed a reply. (Doc. No. 928).

### Factual Background

On March 7, 2006, Petitioner and eight others were named in a thirteen-count indictment. Petitioner was personally named in counts one and thirteen. Court One charged Petitioner with conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Count Thirteen charged Petitioner with aiding and abetting in the distribution

1

of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 2. Defendant's jury trial began on October 10, 2006. He was found guilty of both counts.

On March 2, 2007, the Court conducted a sentencing hearing. The Court determined Petitioner's base offense level to be 34, finding that he had distributed between 150 and 500 grams of crack cocaine. The Court also determined that Petitioner should receive a two-level increase for use of a minor. The Court ultimately sentenced Petitioner to 292 months of imprisonment for Count One and 240 months of imprisonment for Count Thirteen, to run concurrently, to be followed by five years of supervised release for Count One and three years of supervised release for Count Thirteen, also to run concurrently.

Petitioner subsequently appealed to the Fourth Circuit Court of Appeals, where he made the following allegations: (1) the district court abused its discretion by submitting an aiding and abetting jury instruction; (2) the indictment was legally insufficient; (3) the government introduced insufficient evidence to sustain the conviction on Count One; (4) the district court erroneously increased the offense level for use of a minor; (5) the district court abused its discretion in finding that the relevant conduct exceeded 50 grams of crack cocaine; and (6) the district court erroneously admitted testimony concerning the use of a minor. The Fourth Circuit reversed the conviction on Count One, affirmed the conviction on Count Thirteen, and found the arguments regarding sentencing to be meritless.

The Court conducted a resentencing hearing on August 28, 2009. The Court again concluded that Petitioner's relevant conduct fell between 150 and 500 grams of crack cocaine. Petitioner was sentenced to 188 months of imprisonment, to be followed by three years of supervised release. Petitioner again appealed to the Fourth Circuit Court of Appeals, making the

following claims: (1) the district court should have prepared an amended presentence report; (2) the district court utilized acquitted conduct for relevant conduct; (3) the 188 month sentence was unreasonable; (4) the district court should have recused itself for resentencing; (5) the district court incorrectly calculated the advisory guideline range; (6) the district court erroneously imposed a two-level increase for use of a minor; (7) there was insufficient evidence to sustain the conviction on Count Thirteen; and (8) the district court incorrectly calculated the criminal history level. The Fourth Circuit found all of these claims to be meritless.

## Contentions of the Parties

A. Petitioner's Motion

In his motion, Petitioner appears to make three claims related to his conviction. First, Petitioner claims that he is actually innocent of Count Thirteen, which charged him with aiding and abetting the distribution of cocaine hydrochloride. Second, Petitioner claims that his attorney provided ineffective assistance by urging him to plead guilty to a crime with which he was not charged. Third, Petitioner claims that the prosecutor engaged in professional misconduct by asking him to plead guilty to a crime with which he was not charged.

Petitioner also appears to make three claims related to his sentencing. First, Petitioner claims that the Court abused its discretion by applying a two-level enhancement for use of a minor. Second, Petitioner claims that the Court incorrectly applied acquitted conduct as relevant conduct. Third, Petitioner claims that the Court failed to address his objections to the amended pre-sentence report.

B. Government's Response to Petitioner's Motion

In its response, the Government argues that claims one through three should be dismissed because they are procedurally defaulted, having not been previously raised in a direct appeal. As

for claims four through six, the Government argues that these claims should be dismissed because they were already raised on direct appeal and cannot be relitigated. The Government alternatively argues that claims four through six should be dismissed because they only concern sentencing issues, which are generally not able to be raised in a § 2255 motion.

    C. Petitioner's Reply to Government's Response

In his reply, Petitioner addressed all six of his claims. With regard to claim one, Petitioner argues that it should not be dismissed because of the "actual innocence" exception to the rules of procedural default. As for claim two, Petitioner argues that it should not be dismissed because he did, in fact, raise it on direct appeal, and, even if he did not, ineffective assistance claims cannot be procedurally defaulted. With regard to claim three, Petitioner reiterates the factual basis for the claim while neglecting to address whether it is procedurally defaulted, as alleged by the Government.

As for claim four, Petitioner argues that it should not be dismissed because Counsel failed to adequately present it during the direct appeal process. With regard to claim five, Petitioner argues that it should not be dismissed because it has not been previously raised on direct appeal; he contends that the direct appeal addressed the *legality* of acquitted conduct, while the instant § 2255 claim addresses the *application* of acquitted conduct. As for claim six, Petitioner argues that it should not be dismissed because it has not been previously raised on direct appeal.

## **§ 2255 Standard**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United

States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

## Analysis

A. Claims One and Three

In claim one, Petitioner alleges that he is actually innocent of Count Thirteen. In claim three, Petitioner claims that his prosecutor engaged in unprofessional misconduct by asking him to plead guilty to a crime with which he was not charged. Both of these claims should be dismissed because they are procedurally defaulted, having not been previously raised in a direct appeal.

"[A] final judgment commands respect. For this reason, [courts] have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a

5

denial of effective assistance of counsel." Id. Actual prejudice can be shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

In this case, claims one and three were not raised on direct appeal and are now procedurally defaulted, unless Petitioner can show cause and prejudice for the default or actual innocence of the charged offense. He does not meet either burden. He gives no legitimate cause for these two claims not being raised on direct appeal. Furthermore, although he asserts his actual innocence, he presents no facts to support this bare assertion. Therefore, claims one and three are procedurally defaulted and should be dismissed.

B. Claims Four-Six

In claim four, Petitioner alleges that the Court abused its discretion by applying a two level enhancement for use of a minor. In claim five, Petitioner alleges that the Court incorrectly applied acquitted conduct and relevant conduct. In claim six, Petitioner alleges that the Court failed to address his objections to the pre-sentence report. All three of these claims were previously rejected by the Fourth Circuit Court of Appeals and should, therefore, be dismissed.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976); United States v. Perez, 129 F.3d 255, 260 (2nd Cir. 1997); Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995).

Here, claims four through six were all previously rejected by the Fourth Circuit Court of Appeals. Petitioner does attempt to argue that claim five has never been addressed by the Fourth Circuit because it concerns the *application* of acquitted conduct, while the direct appeal concerned the *legality* of acquitted conduct. This distinction, however, is arbitrary; in both instances, Petitioner is objecting to the use of acquitted conduct in the calculation of his relevant conduct. Accordingly, claims four through six were all previously rejected by the Fourth Circuit and should be dismissed.

C. Claim Two

In claim two, Petitioner alleges that he received ineffective assistance when his counsel urged him to plead guilty to a crime with which he was not charged. The government argues that this claim should be dismissed as procedurally barred because it was never addressed on direct appeal. However, claims of ineffective assistance of counsel are more appropriately raised on a collateral attack than on a direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999); United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the

"performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed…by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision whether to testify at trial. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what

stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S.Ct. 770, 790 (2011) (citations omitted)(internal quotation marks omitted).

Count Thirteen of the Indictment provides as follows:

> On or about December 13, 2005, in Marion County, within the Northern District of West Virginia, the defendants, **DWAN EDWARDS and DWAYNE ANDERSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute approximately 1.73 grams of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, to a person known to the Grand Jury, in exchange for $150.00; in violation of Title 21, United States Code, §§841(a)(1), 841(b)(1)(C), and Title 18, United States Code, §2.

Petitioner maintains that counsel deprived him of effective assistance of counsel by failing to render adequate legal assistance. More specifically, Petitioner maintains that counsel advised him to plead to a crime for which he was not charged. In support of this allegation, the petitioner has attached the first page of what appears to be a proposed plea agreement, dated August 29, 2006. The first paragraph indicates that "Mr. Anderson will plead guilty to Count Thirteen of the Indictment , charging him with aiding and abetting in the distribution of **crack** cocaine in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2." (Doc. No. 875-4) (Emphasis added).

The undersigned acknowledges that the plea agreement does appear to have a typographical error, indicating that Petition would be pleading guilty to aiding and abetting in the distribution of crack cocaine, rather than cocaine hydrochloride. However, Petitioner provides no explanation as to how he was negatively impacted by this proposed plea agreement. Although

9

Mr. Anderson claims that his counsel admitted to being ineffective in his appeal brief, that admission had nothing to do with the plea agreement. Rather, the brief indicated that counsel was ineffective by failing to make pretrial objections to the sufficiency of the indictment under rule 12(b)(2).[1] There is simply no mention of a plea agreement in the appeal. Moreover, nothing about the proposed plea agreement establishes that counsel was ineffective. It is clear from the letter from counsel transmitting the plea agreement to Petitioner, that he was properly advised as to the sentencing consequences if he pleaded guilty to Count Thirteen of the Indictment. (Doc. No. 87-5). In addition, as reflected in the Pre-Sentence report, Petitioner was involved in three controlled buys of crack cocaine. Those controlled buys form a part of the relevant conduct used to determine Petitioner's sentence. Therefore, even if Petition had pleaded guilty to Count Thirteen, as charged in the Indictment, his relevant conduct would have been considered as part of his sentencing. Therefore, there is simply no evidence that Petitioner was adversely impacted by the typographical error in the plea agreement, or in refusing to accept the plea agreement for whatever reason he chose to do so.

**Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 motion be <u>DENIED</u> and <u>DISMISSED</u> from the Court's active docket.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court Judge. Failure to timely file objections to the Recommendation set forth above will

---

[1] The hyperlink for the Brief of Appellants is not available on the Fourth Circuit docket. However, it is available in the filings found in <u>United States of America v. Dewayne Anderson</u>, 2007 WL 2945241 (4th Cir. Jun. 20, 2008).

result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Dated: 25 October 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE