IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DWAYNE ANDERSON,

          Petitioner,

v.                              //    CIVIL ACTION NO. 1:11CV186
                                      CRIM. ACTION NO. 1:06CR20-8
                                           (Judge Keeley)


UNITED STATES OF AMERICA,

          Respondent.


**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30],
OVERRULING OBJECTIONS [DKT. NO. 32], DENYING § 2255
MOTION [DKT. NO. 10], AND DISMISSING CASE WITH PREJUDICE**

     Pending before the Court is the Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence (dkt. no. 10) filed by

the petitioner, Dwayne Anderson ("Anderson"). Also pending are the

Report and Recommendation ("R&R") of the Honorable John S. Kaull,

United States Magistrate Judge, recommending that Anderson's § 2255

motion be denied (dkt. no. 30), and Anderson's objections to the

R&R (dkt. no. 32). For the reasons that follow, the Court **ADOPTS**

the R&R, **OVERRULES** Anderson's objections, **DENIES** Anderson's § 2255

motion, and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

     On October 12, 2006, a jury returned guilty verdicts against

Anderson on two counts: conspiracy to possess with intent to

distribute and to distribute in excess of fifty grams of crack

cocaine ("Count One"), and aiding and abetting in the distribution

of cocaine hydrochloride ("Count Thirteen"). Following his conviction, on March 2, 2007, this Court sentenced Anderson to concurrent terms of incarceration of 292 months as to Count One and 240 months as to Count Thirteen.

Anderson subsequently appealed his conviction and sentence to the Fourth Circuit Court of Appeals. His appellate brief presented a number of arguments, including ineffective assistance of counsel and reversible error by this Court. As to the alleged ineffective assistance, Anderson argued that his trial counsel had "failed to make pretrial objections to the sufficiency of the indictment." Regarding the alleged reversible error, Anderson argued that the Court (1) had failed to provide a proper jury instruction as to aiding and abetting, (2) should have granted Anderson's motion for acquittal, (3) should not have increased his offense level based on the use of minors, (4) should not have departed upward based on the jury's finding that the offense conduct involved fifty grams or more of crack, and (5) should not have permitted certain evidence to be admitted.

In United States v. Anderson, 282 Fed. App'x 255, 257 (4th Cir. 2008) (per curiam) [hereinafter Anderson I], the Fourth Circuit agreed with Anderson that the evidence did not support the conspiracy charged in Count One. Accordingly, it reversed Anderson's conviction as to that count. Id. Regarding the remainder of Anderson's arguments concerning his conviction on

Count Thirteen, the Fourth Circuit concluded that "these arguments are without merit." Id. at 257-58. It then remanded the case to this Court for re-sentencing.

On August 28, 2009, the Court re-sentenced Anderson to a term of incarceration of 188 months on Count Thirteen. Anderson appealed his re-sentencing, assigning the following errors: (1) the Court should have directed the Probation Office to prepare an amended presentence investigation report ("PSR") prior to re-sentencing; (2) the Court never addressed the distinction between crack cocaine and cocaine base; (3) the Court considered acquitted and/or uncharged conduct as relevant conduct; (4) the Court erroneously applied a two-level enhancement for use of minors; (5) the Court erroneously converted cocaine base into crack cocaine for its advisory guideline calculation; (6) the Court should have recused itself; and (7) the Court incorrectly calculated Anderson's criminal history. In December 2010, the Fourth Circuit affirmed Anderson's sentence, finding his contentions to be "without merit." United States v. Anderson, 404 Fed. App'x 814, 815 (4th Cir. 2010) (per curiam) [hereinafter Anderson II].

Following the denial of his appeal, Anderson filed the instant § 2255 motion, in which he raises six grounds for relief: (1) actual innocence as to aiding and abetting; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) abuse of discretion by the district court in applying a two-level

3

enhancement for use of minors; (5) error by the district court in applying acquitted conduct as relevant conduct; and (6) error by the district court in failing to address Anderson's objections to the amended PSR.

In his R&R, Judge Kaull recommended that Claims One and Three be dismissed based on procedural default; that Claims Four, Five, and Six be dismissed based on the Fourth Circuit's rejection of the same; and that Claim Two be dismissed because Anderson has failed to establish ineffective assistance of counsel. As Anderson has objected to each of these recommendations, the Court will review them de novo.

## II. § 2255 STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

**III. DISCUSSION**

**A.   Claim One: Actual Innocence**

Anderson contends that he acted alone in the distribution of cocaine, and thus is actually innocent of the aiding and abetting offense charged in Count Thirteen.  Specifically, he argues that recorded cell phone conversations prove he was solely responsible for arranging and executing the drug transaction at issue.

"Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).  Because this is a stringent burden, "petitions that advance a substantial claim of actual innocence are extremely rare and the exception only applies in limited circumstances." United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014) (internal quotation marks and citation omitted).

Count Thirteen of the indictment alleged that Anderson had aided and abetted his co-defendant, Dwan Edwards ("Edwards"), in the distribution of cocaine hydrochloride (i.e., powder cocaine).  During Anderson's trial, West Virginia State Trooper John Smith ("Smith"), who had purchased the powder cocaine from Anderson, testified about how he had arranged the controlled buys through a

series of cell phone conversations with Edwards on December 13, 2005.

On appeal to the Fourth Circuit, Anderson argued that "[t]here was no evidence that Edwards answered the phone or that he was involved in any transactions." Appellants' Br., Nos. 07-4303, 07-4304, 2007 WL 2945242 (4th Cir. Sept. 17, 2007). The Fourth Circuit rejected that argument, describing how, in making the controlled buys from Anderson, Smith had "contacted a co-defendant, Dwan Edwards, via telephone," and that, consequently, the evidence at trial established "an agreement between Anderson and Edwards to sell powder cocaine." Anderson I, 282 Fed. App'x at 256-57.

Now, Anderson alleges that the recorded telephone conversations from December 13, 2005 call into doubt the Fourth Circuit's finding. Anderson alleges that he, not Edwards, arranged the drug transactions with Smith on that date, and that the recordings would demonstrate as much. His burden, however, requires more than speculation; he must establish that the recordings constitute new, reliable evidence, and that, in light of the recordings and the rest of the evidence, it is more likely than not that no reasonable juror would have found him guilty of aiding and abetting Edwards in the distribution of powder cocaine.

As an initial matter, the cell phone recordings are not new evidence. In point of fact, Anderson was well aware of their existence at trial, and attempted to raise his current argument to

the jury, albeit unsuccessfully. In its statement of reasons for imposing sentence, the Court recounted the following:

> The Government did not introduce audio recordings of any telephone conversations as evidence at trial, but, instead, linked Anderson to the conspiracy and to Dwan Edwards through the testimony of Trooper Smith and Mike Steffick. Specifically, at trial, Trooper Smith testified that, on December 13, 2005, he contacted "Ike" on his cell phone and arranged a controlled buy. According to Trooper Smith, he was told that someone would meet him at the Smoker's Friendly at the Bellview Plaza, and Anderson showed up to make the controlled purchase. Trooper Smith further testified that he dealt with Dwan Edwards in an undercover capacity and that Dwan Edwards was in fact "Ike."
>
> At trial, Anderson had the opportunity to cross examine Trooper Smith and asked him if he had performed a voice analysis to determine whether "Ike" was Dwan Edwards and whether Edwards was the person who he had initially called to set up the controlled purchase. Trooper Smith responded that no voice analysis had been performed by the drug task force on the telephone call. <u>Anderson did not attempt to introduce an audio recording of the telephone call or any voice analysis results and did not request that Trooper Smith's testimony be stricken</u>.

(Case No. 1:06CR20-8, Dkt. No. 495-1 at 1-2) (emphasis added).

Anderson has not provided the Court with voice analyses or exemplars establishing that he was Smith's interlocutor on December 13, 2005. Rather, his argument is based on speculation that, had a reasonable juror listened to the recordings (that Anderson chose not to present to the jury at trial), that juror would not have convicted him of aiding and abetting.

More importantly, even if Anderson could establish through new, reliable evidence that he, not Edwards, was on the phone with Smith, there is other evidence linking Edwards to the transaction.

For instance, the Fourth Circuit found that Smith arrived at the scene of the drug deal while speaking to Edwards on the phone, and that, during their conversation, Edwards identified Anderson to Smith. <u>Anderson I</u>, 282 Fed. App'x at 257. Additionally, when Smith asked whether he should deal with Anderson or Edwards in the future, Anderson, referring to Edwards, replied, "we're all one," suggesting that both co-defendants were involved in the transactions. <u>Id.</u>

Anderson's speculation about the recordings is also undermined by Smith's practice of arranging controlled buys through Edwards. As the record in the criminal case demonstrated, "Smith had two previous controlled buys from Dwan Edwards." Appellee's Br., Nos. 07-4303, 07-4304, 2007 WL 3308302, at *12 (4th Cir. Oct. 26, 2007). During one of the previous buys, Smith dialed the same number for Edwards he had dialed prior to the December 13, 2005 phone call. <u>Id.</u> During another controlled buy, Edwards arrived at the scene while conversing with Smith on the cell phone. <u>Id.</u>

In light of all the evidence, a reasonable juror could well conclude that Edwards was involved in the transactions for which Anderson was convicted as an aider and abettor. In fact, Anderson's conviction on Count Thirteen proves this conclusion because no new evidence has been presented since his trial. Therefore, the Court finds that Anderson has failed to carry his burden of establishing a claim of actual innocence.

**B.    Claim Two: Ineffective Assistance**

Anderson alleges that his attorney, Scott A. Shough ("Shough"), provided ineffective assistance (1) by advising Anderson to accept the government's proposed plea agreement, which erroneously stated the charged conduct as possession of crack cocaine rather than powder cocaine, and (2) by failing to investigate the age of an alleged minor.

The Sixth Amendment guarantees criminal defendants the right to "the Assistance of Counsel." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (citations omitted). Moreover, "it is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal . . . .'" United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)).

A claim of ineffective assistance has two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In evaluating the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." Id. at 689. In evaluating the second prong, the Court must find "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## 1. Crack vs. Powder

As discussed, Count Thirteen charged Anderson with aiding and abetting Edwards in the distribution of "cocaine hydrochloride," or powder cocaine. On August 29, 2006, the government sent a proposed plea deal to Shough, Anderson's attorney. Under the terms of that proposal, Anderson would plead guilty to "Count Thirteen of the Indictment, charging him with aiding and abetting in the distribution of crack cocaine." (Dkt. No. 11-2 at 1) (emphasis added).

Shough either failed to recognize the government's typographical error, or failed to request a revised plea offer. Instead, on September 7, 2006, Shough forwarded the government's proposal to Anderson with a recommendation that he accept it. Shough advised his client, "I believe there is a high likelihood the [j]ury will convict you of at least the aiding and abetting charge." (Dkt. No. 11-3 at 1).

Shough explained that, by accepting the plea agreement, Anderson would earn three levels of reduction, likely resulting in a total offense level 29, a criminal history category VI, and a

sentencing range of 151 to 188 months. On the other hand, as Shough explained, if a jury convicted Anderson on Count Thirteen, he would receive no reductions, and his likely guideline calculation would be a total offense level 32 and a criminal history category VI, resulting in a sentencing range of 210 to 262 months. Anderson rejected the proposed plea offer, and eventually was convicted at trial. He now argues that "[h]ad Attorney Shough negotiated a legal and correct plea agreement, Petitioner would have taken the plea." (Dkt. No. 11 at 3) (emphasis in original).

Ideally, Shough should have recognized the government's typographical error and sought a revised proposal. However, a collateral attack "is not designed to correct all constitutional errors, much less all errors of any kind." Rose v. Lee, 252 F.3d 676, 690 (4th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 375 (2000)). Indeed, any failure by Shough must have been the "but for" cause of Anderson's rejection of the government's plea offer. See Lafler v. Cooper, ___ U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012). Here, Anderson has failed to demonstrate that, absent any error by Shough, he would have pled guilty to Count Thirteen.

To entertain Anderson's argument, the Court first must assume that he recognized the erroneous substitution of crack cocaine for powder cocaine when presented with the plea offer in September 2006. This assumption rests on shaky ground, however, since Anderson did not query Shough about the issue. Nevertheless, the

11

Court will consider whether any rationale supports Anderson's contention that, based solely on the clerical error, he rejected the plea offer that he otherwise would have accepted.

In his letter to Anderson, Shough advised him that his likely base offense level would be 32, which was based on total drug relevant conduct of between 1000 and 3000 kilograms of marijuana equivalent. See U.S. Sentencing Guidelines Manual (2006) § 2D1.1(c)(4). Because § 1B1.3(a)(2) requires the inclusion of all drug relevant conduct, Shough's advice regarding the base offense level would not have changed, regardless of whether Anderson pled guilty to crack cocaine or powder cocaine. Thus, even if Anderson had recognized the error of which he complains, there is no rational basis on which to conclude that Shough's failure to have sought a revised plea offer was the but for cause of Anderson's decision to reject it. Therefore, Anderson has failed to satisfy Strickland's second prong.[1]

### 2. Use of Minors

Anderson also argues that Shough provided ineffective assistance by failing to investigate the age of J.L. in relation to a two-level sentencing enhancement for the use of minors. At trial, the government called Nina Baxter ("Baxter") to testify

---

[1] Although Anderson alleges that Shough also provided ineffective assistance at the appellate level by not advising the Fourth Circuit about the typo, there was no need to raise the issue since it did not constitute ineffective assistance.

about Anderson's use of minors in his drug distribution. She testified that, when she purchased drugs from Anderson, "[h]e would either have younger ladies with him or he would have his son or nephews with him." (Dkt. No. 533 at 212). She testified further that Anderson "had four or five girls" who were "14, 15 years old, tops," who delivered drugs for him. Id. at 213. Baxter did not name any of the minors during her trial testimony.

Prior to sentencing, the government filed an objection to the PSR based on the probation officer's failure to add a two-level enhancement for use of a minor to Anderson's base offense level. See U.S. Sentencing Guidelines Manual § 3B1.4. To support that objection, the government called Baxter to testify again during the sentencing hearing. As she had during trial, she explained that Anderson had used young girls to deliver drugs. (Dkt. No. 523 at 21). She elaborated that each transaction involved "[d]ifferent young girls every time." Id. at 22.

On cross-examination, Baxter emphasized her outrage at Anderson for involving young people in his drug operations, when she blurted out: "I am in jail now, incarcerated, and I am in jail with a girl named [J.L.]. [Anderson] was selling to her before she was ever of age." Id. at 29-30. Anderson's attorney immediately moved to strike Baxter's outburst as nonresponsive, and the Court granted the motion. Id. That is the only mention of J.L. contained in the entirety of the trial and sentencing transcripts.

13

At the conclusion of the sentencing hearing, the Court sustained the government's objection and applied a two-level enhancement for use of minors. On direct appeal, Anderson argued that Baxter's testimony was inadmissible and that the Court had erred by applying the two-level enhancement. The Fourth Circuit concluded that Anderson's arguments were "without merit." Anderson I, 282 Fed. App'x at 257-58. Now, in his § 2255 motion, Anderson argues that Shough provided ineffective assistance "by not investigating the age of [J.L.]." (Dkt. No. 11 at 3) (emphasis in original).

Anderson's contention has no merit for several reasons. First, Baxter did not testify that J.L. was one of the underage girls used in Anderson's drug distribution activities. Rather, she provided unsolicited testimony that Anderson had sold drugs to J.L. on one occasion. That testimony was stricken. Second, according to Baxter's testimony, there were other underage girls besides J.L. whose activities with Anderson provided the basis for the sentencing enhancement. Third, Shough had no reason to think J.L. was an adult during her involvement with Anderson.

Shough's failure to ascertain J.L.'s age in no way constitutes deficient performance. Even if it had, Anderson certainly was not prejudiced since Baxter's testimony established that Anderson had used several underage girls to distribute drugs. Therefore, Anderson's claim of ineffective assistance fails.

**C.   Claim Three: Prosecutorial Misconduct**

In his third claim, Anderson contends that the government engaged in prosecutorial misconduct by substituting crack cocaine for powder cocaine in its proposed plea agreement.  To prevail on a claim of prosecutorial misconduct, Anderson must establish that (1) the government's alleged misconduct was improper, and (2) that the alleged misconduct prejudiced him.  See <u>United States v. Allen</u>, 491 F.3d 178, 191 (4th Cir. 2007).

Anderson fails to recognize that "a defendant has no right to be offered a plea."  <u>Missouri v. Frye</u>, __ U.S. __, __, 132 S. Ct. 1399, 1410 (2012).  Thus, any clerical mistake in the government's plea offer did not interfere with Anderson's rights and therefore was not improper.  Moreover, as explained above, Anderson suffered no prejudice as a result of the government's error.  For these reasons, his claim of prosecutorial misconduct fails under both prongs.

**D.   Claim Four: Use of Minors**

Next, Anderson argues that the Court erred by permitting Baxter to testify about Anderson's use of minors, and by applying the two-level sentencing enhancement.  Anderson already made the same arguments on direct appeal, where the Fourth Circuit found them to be without merit.  See <u>Anderson I</u>, 282 Fed. App'x at 257-58; <u>Anderson II</u>, 404 Fed. App'x at 815.  "[I]t is well settled that [petitioners] cannot circumvent a proper ruling . . . on direct

appeal by re-raising the same challenge in a § 2255 motion."

United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (internal

quotation marks and citation omitted). Moreover, "an error in the

application of the Sentencing Guidelines cannot be raised in a §

2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84

(4th Cir. 1999).

## E. Claim Five: Acquitted Conduct

In Claim Five, Anderson contends that, because his conviction

on Count One was reversed, the Court erred at re-sentencing by

including the acquitted conduct as "relevant conduct." This claim

fails for the same reasons that Anderson's Claim Four fails.

First, errors in guideline calculations are not properly raised in

a § 2255 motion. Second, the Fourth Circuit rejected this argument

when Anderson made it on direct appeal following his re-

sentencing:[2]

> Anderson again appeals, contending that the district
> court made numerous errors in his resentencing --
> including failing to order a new Presentence Report and
> using acquitted conduct in determining his relevant
> conduct . . . . We have thoroughly examined the record
> and find Anderson's contentions to be without merit.
> Accordingly, we affirm his sentence.

Anderson II, 404 Fed. App'x at 815 (emphasis added).

---

[2] Anderson attempts to circumvent the Fourth Circuit's prior
decision by suggesting that his current argument is different from his
previous appellate argument. He urges that, on appeal he had argued the
"legality of acquitted conduct," while he now argues against "acquitted
conduct being applied as relevant conduct." (Dkt. No. 11 at 6). This
amounts to nothing more than a distinction without a difference, and it
still fails to overcome the bar to raising guideline calculation issues
in a § 2255 motion.

**F.    Claim Six: Objections to Amended PSR**

Finally, in Claim Six, Anderson argues that the Court erred (1) by ordering an amended PSR only after his re-sentencing, (2) by failing to address his objections to the amended PSR, and (3) by holding in abeyance his "Motion to Reconsider and Error" filed on October 15, 2009 after his re-sentencing.  Again, these same arguments were all presented to, and rejected by, the Fourth Circuit.  See Anderson II, 404 Fed. App'x at 815.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases.  If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Anderson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v.

17

<u>Cockrell</u>, 537 U.S. 322, 336–38 (2003).  Upon review of the record, the Court finds that Anderson has not made the requisite showing, and **DENIES** a certificate of appealability.

**V. CONCLUSION**

Therefore, for the reasons discussed, the Court **ADOPTS** the R&R, **OVERRULES** Anderson's objections, **DENIES** Anderson's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: January 27, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE